UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIM HARRIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV147 SNLJ |
| | ) | |
| CORIZON, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant R. Eric Bessey, D.D.S.'s motion to dismiss. Plaintiff brought this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs. Bessey moves to dismiss on the basis that he is not a state actor and, therefore, plaintiff's § 1983 claims against him fail as a matter of law. The motion has been fully briefed and the matter is ripe for disposition. For the following reasons, the Court will deny the motion.

**I.    Motion to Dismiss Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F .3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir.2005)).

**II.    Discussion**

Defendant Bessey argues that plaintiff's § 1983 action against him must be dismissed because he was not acting under color of state law and was not contractually bound to the State of Missouri at the time that he provided medical treatment to plaintiff. In response, plaintiff argues that his amended complaint sufficiently alleges that defendant Bessey acted under color of state law in providing medical care to plaintiff.

2

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A private physician may be liable under § 1983 when he or she acts under color of state law." *Hardy v. Correctional Medical Services*, 4:12CV1HEA, 2012 WL 5258954, at *1 (E.D. Mo. Oct. 23, 2012) (citing *Crumpley–Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir. 2004)). "Although there are many tests to determine whether a physician in private practice acts under color of state law, the ultimate issue is whether the private physician's actions are 'fairly attributable to the state.'" *Id.* (citing and quoting *See Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982) (quoting *Lugar v.. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)); *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n.,* 531 U.S. 288, 295 n .2, 295–96 (2001) (noting that the under-color-of-law requirement of 42 U.S.C. § 1983 and the state-action requirement of the Fourteenth Amendment are equivalent and listing the multitude of tests used to determine whether a private party is a state actor)). "When determining whether a private physician may be held liable under § 1983 as a state actor, courts should consider the 'degree to which the work of the private medical provider is controlled or influenced by the state,' the nature of 'the contractual relationship between the state and the medical care provider,' and the degree to which the private entity replaces the State's provision of medical care to prisoners, as opposed to simply assisting the State. *Id.* at *2 (quoting *Rodriguez v. Plymouth Ambulance Svc.,* 577 F.3d 816, 825–29 (7th Cir. 2009)).

3

Defendant Bessey alleges in his motion that he is not an employee of the State of Missouri and neither he nor his employer have entered into a contract with the State of Missouri.  Further, he alleges that although he occasionally treats incarcerated offenders referred to his office, he does so in his capacity as a private physician and not under any employment or contract with the State of Missouri.  These allegations rely on facts not found in the complaint and, therefore, they are not properly considered for a motion to dismiss.  Consideration on a motion under Rule 12(b)(6) is limited to initial pleadings. *Brooks v. Midwest Heart Group,* 655 F.3d 796, 799–800 (8th Cir. 2011); Federal Rule of Civil Procedure 12 (d).  Matters outside the pleadings must be excluded unless the motion is converted into a motion for summary judgment under Rule 56 and the parties are given a reasonable opportunity to present all pertinent.  *Id.*  For this motion, the Court will consider only the allegations in the amended complaint and will not consider matters outside that pleading.

Plaintiff's amended complaint alleges that defendant Bessey acted under color of state law in providing medical care to plaintiff.  The amended complaint alleges that Bessey provided that medical care either as an employee or independent contractor for defendant Corizon, and that the medical care was provided at the direction of a Corizon employee, defendant Ernest W. Jackson, D.M.D.  It further alleges that the State of Missouri contracts with defendant Corizon to provide health care and dental services to inmates incarcerated within the Missouri Department of Corrections, including plaintiff.

The amended complaint goes on to describe medical treatment which plaintiff alleges was administered with deliberate indifference to his serious medical needs.

Plaintiff alleges that defendant Bessey administered a less efficacious course of treatment to him at the direction of defendant Corizon.  Plaintiff alleges that defendant Bessey and his co-defendants provided this less efficacious treatment in an effort to save defendant Corizon money.  These allegations suggest that defendant Bessey permitted defendants Corizon and Jackson to exert control over the medical care he provided.

Plaintiff's amended complaint alleges the State's duty to provide medical care to him and that the duty was delegated by contract to defendant Corizon, which in turn delegated it to defendant Bessey.  The amended complaint further alleges that defendant Bessey assumed this obligation of care pursuant to contract or employment with defendant Corizon.  For the purposes of defendant Bessey's motion, these allegations are taken as true and, viewed in the light most favorable to plaintiff, state a facially plausible claim that Bessey was acting under color of state law when he provided medical treatment to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that defendant R. Eric Bessey, D.D.S.'s motion to dismiss [ECF #25] is **DENIED**.

Dated this 31st day of October, 2014.

_____
STEPHEN N.  LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE